UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 02-CV-00732-WYD-CBS

JOHN S. WILDER,

    Plaintiff,

v.

KEVIN P. TURNER,

    Defendant.

_____

**ORDER**
_____

    THIS MATTER was before the Court in connection with a Final Trial Preparation Conference held on October 12, 2005. Defendant's Combined Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment filed October 5, 2005 was addressed at the hearing. As to that motion, by Order dated October 6, 2005, the Court ordered Defendant to show cause why the motion should not be stricken or summarily denied as untimely and/or under the law of the case doctrine. A response to the Order to Show Cause was filed on October 11, 2005. The Court heard argument at the conference as to the motion and the Order to Show Cause.

    As stated on the record at the conference, Defendant's Motion for Summary Judgment is denied. The motion is untimely and appears to be a tactic to delay the trial. First, the dispositive motion cutoff in this case was April 24, 2003 pursuant to a Scheduling Order filed November 18, 2002. Defendant did not seek a continuance of that deadline or seek leave of Court to file the motion outside the deadline. Defendant

also did not alert the Court that he intended to file a summary judgment motion at the status conference in this case held in November 2004.  Further, the Court could not have contemplated that such a motion would be filed since the issue of qualified immunity was already addressed in Judge Kane's Memorandum Opinion and Order filed September 5, 2002 that denied a previous motion by Defendant on that issue.

Finally, Defendant's motion was filed less than a week before this conference, less than three weeks before the trial set to commence October 24, 2005, and more than three years after Defendant first raised this defense in the motion to dismiss.  To the extent the motion relies on testimony at the trial held before Judge Kane in August 2004, that trial was held over a year ago and Defendant has provided no reason why he waited so long after the trial to file the motion.  Accordingly, Defendant's Motion for Summary Judgment is denied as untimely.

Also as ordered at the Final Trial Preparation Conference, the parties shall electronically file a joint statement of the case by Friday, October 14, 2005.  By that same date, the parties shall electronically file exhibit and witness lists and Plaintiff shall file a statement as to the status of his objection to Sergeant Gary Eyer.  As to the Final Pretrial Order filed October 7, 2005, the parties shall meet and confer and file an updated Final Pretrial Order by October 14, 2004.  Such updated Final Pretrial Order shall include a statement that the parties have reached agreement on all issues except to the extent noted in the Final Pretrial Order.  Finally by October 14, 2004, Defendant shall, if he chooses, file a motion in limine as to prior DUI/DWAI arrests by him.

In conclusion, it is

ORDERED that Defendant's Motion for Summary Judgment filed October 5, 2005, is **DENIED** as untimely.  In so ruling, the Court notes that this does not constitute a ruling on the merits of the motion.  It is

FURTHER ORDERED that by **Friday, October 14, 2005**, the parties shall electronically file (1) a joint statement of the case, (2) exhibit and witness lists, and (3) an updated Final Pretrial Order.  Also by that date, Plaintiff shall file a statement as to the status of his objection as to Sergeant Gary Eyer and Defendant shall, if he chooses, file a motion in limine as to prior DUI/DWAI arrests.

Dated: October 14, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge