IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 02-cv-00732-WYD-CBS

JOHN S. WILDER,

      Plaintiff,

v.

KEVIN P. TURNER,

      Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on Defendant's Renewed Motion to Stay
Execution of Judgment, Attorney Fees and Costs filed March 13, 2006.  A response in
opposition to the motion was filed March 21, 2006, and a reply was filed March 28,
2006.  For the reasons stated below, Defendant's motion is denied as moot in part and
denied without prejudice in part.

First, the request to stay attorney fees is denied as moot.  I previously stayed
proceedings regarding attorney fees by Order filed February 22, 2006.  As to the
request to stay judgment and costs, I note that this is not actually a "renewed" motion
but a new request.  This portion of the motion is denied.

Defendant asserts that Plaintiff's counsel indicated he would not oppose a stay if
the State agreed to indemnify Plaintiff and if the State would provide assurances to
Plaintiff's counsel about same.  Defendant indicates that the State did agree to
indemnify Plaintiff, and that a stay should be granted.   In response, Plaintiff asserts

that the issue is not whether he can get assurances from the state about indemnification; instead, a supersedeas bond is required pursuant to FED. R. CIV. P. 62(d) and Defendant has offered no factual or legal justification for relief from that rule. Plaintiff states, however, that he would be satisfied if an authorized state official would provide an affidavit stating that the state will indemnify Plaintiff.  In reply, Defendant contends that Plaintiff's request for an affidavit is unreasonable given counsel's assurances as an officer of the court that the state has agreed to indemnify Plaintiff.

I deny the motion to stay execution of the judgment and costs.  I must follow the law, not defense counsel's assertion that Plaintiff's counsel should be satisfied with the states's assurances about indemnification.  It is undisputed that Rule 62(d) of the Federal Rules of Civil Procedure requires the posting of a supersedeas bond to stay the judgment.[1]  Defendant may renew his motion if he decides to post a supersedeas bond, of it he reaches agreement with Plaintiff's counsel as to some other mechanism which will satisfy counsel as to the issue of indemnification.

Based upon the foregoing, it is

ORDERED that Defendant's Renewed Motion to Stay Execution of Judgment, Attorney Fees and Costs filed March 13, 2006 is **DENIED AS MOOT** as to the request to stay attorney fees and **DENIED** as to the remainder of the motion.

---

[1]  Rule 62(e), cited by Defendant in his motion, is not applicable as it applies only to the United States or an officer or agency thereof or by direction of any department of the Government of the United States.  Defendant was a state trooper for the State of Colorado.

Dated:  May 25, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge