UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 02-cv-00732-WYD-CBS

JOHN S. WILDER,

      Plaintiff,

v.

KEVIN P. TURNER,

      Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Objection to Taxation of Costs (filed October 15, 2007).  Plaintiff objects therein to the Clerk of Court's taxation and award of costs to Defendant in this matter.  A response was filed by Defendant on October 23, 2007.

Plaintiff first objects to the award of any costs to Defendant, asserting that "[i]t is very unusual and contradictory to the purposes of the civil rights statutes for unsuccessful civil rights plaintiffs to be made to pay costs or fees to successful defendants."  Pl.'s Objections at 1.  I do not agree.  It is in the Court's discretion whether to award costs, and costs are often awarded to the prevailing party in civil rights cases.  Further, "Federal Rule of Civil Procedure 54 makes the award of costs presumptive: 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'"  *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000) (quoting FED. R. CIV. P. 54(d)(1)).

While Plaintiff argues that Defendant admitted to lying in his affidavit supporting the arrest, this lacks relevance to an award of costs since the Tenth Circuit found that Defendant is entitled to qualified immunity.  Thus, I find that an award of costs is appropriate in this case, and turn to the amount of costs that was awarded.

Plaintiff objects to the taxation of $12,750 for the costs of the supersedeas bond posted by Defendant.  I sustain this objection.  While I find that this type of cost can be taxable in the Court's discretion, I exercise my discretion not to award such costs in this case.  Plaintiff agreed to a stay of execution on the judgment without any bond subject to an affidavit being provided from an authorized state official stating that Colorado would indemnify Defendant.  Defendant chose not to accept that stipulation from Plaintiff, and I find that an award of the cost of the bond under the circumstances of this case unduly penalizes Plaintiff.  Accordingly, those costs will not be taxed against Plaintiff.

Based upon the foregoing, it is

ORDERED that Plaintiff's Objection to Taxation of Costs is **SUSTAINED IN PART AND OVERRULED IN PART**.  Specifically, the Objection is overruled as to the request that no costs be taxed against Plaintiff, or that costs actually be taxed against Defendant.  The Objection is sustained as to the taxation of costs of $12,750 for the costs of the supersedeas bond.  The Clerk of Court is directed to amend the Bill of Costs to delete the award of those costs.

Dated:  October 25, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge